UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-60786-CIV-ZLOCH

ELIAS JAIME, JOB BETANCOURTH and )
all others similarly situated under 29 U.S.C. )
216(B), )
 )
       Plaintiff, )
vs. )
 )
RSI OF FLORIDA, INC. )
WILLIAM TEMPLE, )
 )
       Defendants. )
_____

# FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiffs, ELIAS JAIME and JOB BETANCOURTH on behalf of themselves and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, file this Complaint against Defendants, RSI OF FLORIDA, INC., and WILLIAM TEMPLE, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant RSI OF FLORIDA, INC. is a corporation that regularly transacts business within Broward County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant WILLIAM TEMPLE is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Broward County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff ELIAS JAIME worked for Defendants as a mechanic from on or about October 15, 2012 through on or about the present and ongoing.

10. Plaintiff JOB BETANCOURTH worked for Defendants as a driver and a roofer from on or about February 11, 2010 through on or about January 21, 2014.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use

on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, and 2013.

14. Between the period of on or about October 15, 2012 through on or about June 10, 2013 or the approximate date in which Plaintiff ELIAS JAIME was injured in a work-related accident, Plaintiff ELIAS JAIME worked an average of 48 hours a week for Defendants and was paid an average of $15.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

15. Between the period of on or about February 11, 2010 through on or about January 21, 2014, Plaintiff JOB BETANCOURTH worked an average of 52 hours a week for Defendants and was paid an average of $16.00 per hour. Based on his paychecks, Plaintiff was paid overtime, but only at the straight time rate. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

16. In addition to his half time overtime claim, Defendants would make Plaintiff JOB BETANCOURTH report to work twice a week and wait for an assignment only to be sent

home. This additional hour and a half per week was never paid at all by Defendants, and therefore Plaintiff is claiming the time and a half overtime rate for that completely unpaid hour and a half of work each week.

17. Defendants further arbitrarily would only pay Plaintiff JOB BETANCOURTH for one hour to and from work in driving time. This is subject to Plaintiff's time sheets which are in exclusive control of the Defendants.

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                                                                 Respectfully Submitted,

                                                                 J.H. Zidell, Esq.
                                                                 J.H. Zidell, P.A.
                                                                 Attorney For Plaintiff
                                                                 300 71st Street, Suite 605
                                                                 Miami Beach, Florida 33141
                                                                 Tel: (305) 865-6766

Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121