UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-60786-CIV-ZLOCH

ELIAS JAIME, JOB BETANCOURTH
and all others similarly situated under 29
U.S.C. 216(B),

    Plaintiffs,

vs.

RSI OF FLORIDA, INC.
WILLIAM TEMPLE,

    Defendants.
_____/

**DEFENDANTS RSI OF FLORIDA, INC. AND WILLIAM TEMPLE'S
ANSWER, DEFENSES AND AFFIRMATIVE
<u>DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Defendants RSI of Florida, Inc. ("RSI") and William Temple ("Temple") (collectively, "Defendants"), by and through their undersigned counsel, hereby file their Answer, Defenses, and Affirmative Defenses, and in response to Plaintiffs' First Amended Complaint (the "Amended Complaint") state as follows:

1. Deny the allegations contained in paragraph 1 of the Amended Complaint, except admit that this purports to be an action arising under the Fair Labor Standards Act ("FLSA").

2. Deny the allegations contained in paragraph 2 of the Amended Complaint, except admit upon information and belief that Plaintiffs were residents of Dade County, Florida during their respective employment with RSI.

3. Deny the allegations contained in paragraph 3 of the Amended Complaint, except admit that Defendant RSI is a corporation that transacts business within Broward County, Florida and that RSI was covered by the FLSA during Plaintiffs' respective employment with RSI.

4. Deny the allegations contained in paragraph 4 of the Amended Complaint, except admit that Temple is an owner and officer of RSI.

5. Deny the allegations contained in paragraph 5 of the Amended Complaint, except admit that RSI's headquarters are located in Broward County, Florida.

## RESPONSE TO COUNT I

6. Deny the allegations contained in paragraph 6 of the Amended Complaint, except admit that this purports to be a case brought as a collective action under the FLSA, a federal law.

7. Deny the allegations contained in paragraph 7 of the Amended Complaint, except admit that this Court has jurisdiction over this action and refer to the statutes cited therein for the precise contents thereof.

8. Deny the allegations contained in paragraph 8 of the Amended Complaint, and refer to the statute cited therein for the precise contents thereof.

9. Deny the allegations contained in paragraph 9 of the Amended Complaint.

10. Deny the allegations contained in paragraph 10 of the Amended Complaint, except admit that Plaintiff Job Betancourth was employed by RSI as a driver and a roofer from March 14, 2011 until January 21, 2014.

11. Deny the allegations contained in paragraph 11 of the Amended Complaint, except admit for jurisdictional purposes only that RSI was covered by the FLSA during Plaintiffs' respective employment with RSI.

12. Deny the allegations contained in paragraph 12 of the Amended Complaint, except admit for jurisdictional purposes only that RSI was covered by the FLSA during Plaintiffs' respective employment with RSI.

13. Admit the allegations contained in paragraph 13 of the Amended Complaint.

14. Deny the allegations contained in paragraph 14 of the Amended Complaint, except admit that Plaintiff Jamie was paid at a rate $15 per hour for each hour worked.

15. Deny the allegations contained in paragraph 15 of the Amended Complaint.

16. Deny the allegations contained in paragraph 16 of the Amended Complaint.

17. Deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Deny the allegations contained in paragraph 18 of the Amended Complaint.

Defendants deny that Plaintiffs are entitled to the relief sought in the WHEREFORE clause following Count I of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Unless otherwise specifically admitted herein, Defendants deny each and every allegation in the Amended Complaint.

2. The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages.

5. Assuming *arguendo* that Plaintiffs are entitled to any damages for unpaid wages, any recovery for unpaid wages is subject to a set-off for any non-statutory compensation paid to Plaintiffs.

6. Defendants had reasonable grounds to believe their conduct complied with the FLSA.

7. Plaintiffs' claims are limited to payment for hours actually worked.

8. Any miscalculations of Plaintiffs' compensation actually paid were not willful.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches and/or unclean hands.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrine of payment.

11. To the extent Temple did not have operational control of significant aspects of Temple's day-to-day functions, including compensation of employees or other matters in relation to an employee, he is not deemed an employer under the FLSA.

12. Plaintiffs' claims are subject to all limitations on recovery of damages as set forth under applicable law.

13. Defendants reserve their rights to assert additional affirmative defenses as appropriate.

WHEREFORE, Defendants, having fully answered the Amended Complaint and raised legal defenses thereto, request that the instant action be dismissed in its entirety, with prejudice, and requests that costs, including reasonable attorneys' fees, be awarded to Defendants.


- 5 -

Date:  May 1, 2014

                              Respectfully submitted,

                              s/Andrea R. Bernstein
Andrea R. Bernstein, Esq.
Florida Bar No.: 0516511
E-mail:  abernstein@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:    (561) 802-9976

*Attorneys for Defendants RSI of Florida, Inc. and William Temple*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2014, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF system.

s/Andrea R. Bernstein
Andrea R. Bernstein

**SERVICE LIST**

Case No.: 0:14-CIV-ZLOCH

| | |
|---|---|
| Rivkah F. Jaff, Esq.<br>E-mail: rivkah.jaff@gmail.com<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br><br>*Attorneys for Plaintiffs* | Andrea R. Bernstein<br>E-mail: abernstein@fowler-white.com<br>FOWLER WHITE BURNETT, P.A.<br>Northbridge Centre<br>515 North Flagler Drive, Suite 2100<br>West Palm Beach, Florida 33401<br>Telephone: (561) 802-9044<br>Facsimile: (561) 802-9976<br><br>*Attorneys for Defendants RSI of Florida, Inc. and William Temple* |